[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11200
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00640-KD-M

FRANCIS PAXTEN PRUITT,

Plaintiff-Appellant,

versus

DEPUTY KRISTEN GILLESPIE,
individually,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 20, 2015)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

This is a 42 U.S.C. § 1983 case. The Plaintiff, Frances Paxten Pruitt
("Pruitt"), sued the Defendant, Deputy Kristen Gillespie, for false arrest, malicious
prosecution, and conducting an illegal search of his business arising from

Gillespie's arrest of Pruitt on December 30, 2011.  Gillespie filed a motion for summary judgment on her qualified immunity defense.  The district court granted the motion (Doc. 31), reasoning that Gillespie was acting in the scope of her discretionary authority as a deputy sheriff and had at least arguable probable cause to arrest Pruitt for the misdemeanors of unlawful imprisonment and menacing.  Pruitt appeals the resulting final judgment dismissing his claims. (Doc. 32).  We affirm.

## I.  Facts and Proceedings in the District Court

These are the undisputed material facts with all reasonable inferences drawn in Pruitt's favor:

Pruitt suspected that a customer of his check-cashing business, one Roderick Jones, had helped Jones's friends cash bad checks by vouching for them.  Anxious to get his money back, Pruitt persuaded a clerk in Buck's Country Store (adjacent to Pruitt's check-cashing business) ("Buck's") to lure Jones to Buck's under the guise of helping the clerk with her dead car battery.  The clerk complied; so did Jones.  When Jones finished with the car and entered Buck's, the clerk called Pruitt, who lay in wait behind the store.  Pruitt came in the front door of Buck's brandishing a pistol.   Jones was in the back of the store with the clerk who had called him.  As Jones came forward, Pruitt said that the two of them needed to talk.  During the confrontation that ensued between Pruitt and Jones while Pruitt blocked

2

the front entrance of the store, keeping the pistol visible at all times, Pruitt demanded that the clerk call 911, which she did. Jones fell at Pruitt's feet and confessed that his friends' checks were bad. He asked to go to his truck to get his phone; Pruitt refused. Pruitt emphasized the seriousness of the situation and told Jones he was not going anywhere.

Gillespie and another detective of the Mobile County Sheriff's Office were dispatched to Buck's on information that someone there was attempting to pass a bad check. They arrived to find other sheriff's deputies on the scene who had been dispatched to apprehend a black male wearing all black who was in the midst of an armed robbery of Buck's. The deputies and Gillespie conferred and talked to Pruitt, Jones, and the clerk who had called 911. They learned that the only person with a weapon was Pruitt, that he had held Jones in check until the officers arrived even though Jones had committed no offense in Pruitt's presence, and that no robbery or bad-check-passing was afoot. Gillespie arrested Pruitt for unlawful imprisonment and menacing. The charge became first-degree robbery after she conferred with an assistant district attorney.[1]

Gillespie's summary judgment motion is premised on her contention that she had arguable probable cause to arrest Pruitt for the Alabama misdemeanors of unlawful imprisonment and menacing, which did not occur in Gillespie's presence.

---

[1] The upgrading of the offense is not challenged by Pruitt in his appeal.

3

Because she had arguable probable cause, Gillespie contends, she is entitled to qualified immunity on Pruitt's Section 1983 Fourth Amendment claims for false arrest and malicious prosecution.  The district court agreed.

## II.  Standard of Review

We review de novo a district court's grant of summary judgment on qualified immunity grounds, drawing all reasonable inferences from the undisputed material facts in favor of the non-moving party. *Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013); *West v. Tillman*, 496 F.3d 1321, 1326 (11th Cir. 2007); *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002).

## III.  Discussion

No one disputes that Gillespie was engaged in the exercise of her discretionary authority at all relevant times.  Pruitt, then, must prove that his constitutional rights were violated, and that the violated rights were clearly established at the time of his arrest under the decisions of the Supreme Court, this court, or the Supreme Court of Alabama. *Crosby v. Monroe Cnty*, 394 F.3d 1328, 1332 (11th Cir. 2004).

The district court correctly recognized that probable cause is an essential element of both Fourth Amendment false arrest and malicious prosecution claims.[2]

_____

[2] The parties are familiar with the elements of Fourth Amendment false arrest and malicious prosecution claims, and the district court correctly recited them.  We do not repeat them here.  We note, too, that a third claim brought by Pruitt in the district court, unlawful search

The district court correctly recognized, and Pruitt agrees, that arguable probable cause is all that is needed to establish the qualified immunity defense when probable cause is an essential element of the constitutional claim.  The elements of the crime and the fact pattern involved determine whether arguable probable cause existed. *Skop v. City of Atlanta*, 485 F.3d 1130, 1137-38 (11th Cir. 2007).  Whether a crime actually was committed is irrelevant; rather, the inquiry asks whether objective facts known to the officer supported probable cause to make an arrest. *Scarorough v. Myles*, 245 F.3d 1299, 1303 n.8 (11th Cir. 2001).  If Pruitt did not produce admissible evidence sufficient to persuade a reasonable juror that Gillespie did *not* have arguable probable cause to arrest him for unlawful imprisonment and menacing, then Gillespie is entitled to qualified immunity from Pruitt's lawsuit and, in turn, to summary judgment.

Pruitt argued in the district court, and contends here, that he was making a citizen's arrest under Alabama law because a felony had been committed and Pruitt had probable cause to believe that Jones had committed it.  Pruitt never made that claim to any law enforcement officer on the scene, and, most importantly, never made it to Gillespie.  He made that claim after he filed this lawsuit.  The district court was right to pay no attention to the argument.  The question before the

---

of his business, has been abandoned on appeal because he did not argue in favor of it in his initial brief. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012).

5

district court, for qualified immunity purposes, was whether Gillespie had arguable probable cause to arrest and detain Pruitt for unlawful imprisonment and menacing, not whether Pruitt had arguable probable cause to conduct a citizen's arrest of Jones because he had aided and abetted the passing of bad checks.

The district court properly set forth the elements of the Alabama crimes for which Gillespie arrested and detained Pruitt, which are unlawful imprisonment and menacing. Both crimes are misdemeanors, neither crime occurred in Gillespie's presence, and "Alabama prohibits its police officers from arresting an individual for a misdemeanor offense without a warrant unless the offense is committed in the officer's presence." (Doc. 31 at 14 (citations omitted)). The Eleventh Circuit has recognized, however, that "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right. . . . There is no federal right not to be arrested in violation of state law." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) (citation omitted) (applying Florida law); *see Crosby v. Monroe Cty.*, 394 F.3d 1328, 1333 (11th Cir. 2004) (applying Alabama law). The district court correctly reasoned that the mere fact that Gillespie arrested Pruitt for misdemeanors that did not occur in her presence might have violated Alabama statutory arrest procedures, but, without more, did not defeat her qualified immunity defense based on her having arguable probable cause to arrest Pruitt. Based on our de novo review of the summary

6

judgment record, we hold that the district court correctly concluded that Gillespie had arguable probable cause to arrest and detain Pruitt for unlawful imprisonment and menacing.

## IV. Conclusion

The district court did not err in granting Gillespie summary judgment on the basis of qualified immunity. We affirm the district court's judgment of dismissal.

AFFIRMED.